UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JASON NUGENT, ET AL.                                CIVIL ACTION

VERSUS                                              NO: 24-2052

OCEAN HARBOR CASUALTY                               SECTION: "A" (2)
INSURANCE CO.

### ORDER AND REASONS

The following motion is before the Court: **Motion to Remand (Rec. Doc. 7)** filed by the plaintiffs, Jason and Alaina Nugent. The defendant, Ocean Harbor Casualty Insurance Co. ("Ocean Harbor"), opposes the motion. The motion, noticed for submission on November 13, 2024, is before the Court on the briefs without oral argument.

Plaintiffs initiated this lawsuit in state court to recover for damages to their property caused by Hurricane Ida. Displeased with Ocean Harbor's efforts to adjust the claim, the plaintiffs filed suit seeking not only additional insurance benefits but also statutory penalties and attorney's fees under Louisiana law.

Plaintiffs filed their petition in state court on August 21, 2023, and the record reflects service on Ocean Harbor shortly thereafter on September 11, 2023. (Rec. Doc. 1-3, Exhibit C Citation). The Notice of Removal was filed on August 21, 2024.

Subject matter jurisdiction does exist—the parties are completely diverse in citizenship and the amount in controversy without question exceeds $75,000.00 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1) (diversity jurisdiction). But

1

the plaintiffs maintain that Ocean Harbor's removal was untimely and therefore defective. Plaintiffs now move to remand the case to state court on that basis.

Title 28 U.S.C. § 1446 governs the procedural aspects of removal, including timeliness. The statute provides two time periods pertinent to the timeliness issue in this case. First, § 1446 states in relevant part:

> **Requirements; generally**—The notice of removal of a civil action or proceeding shall be filed ***within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading*** setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b)(1) (emphasis added).

If the initial pleading failed to put the defendant on notice that the case was removable, then the removal is governed by § 1446(b)(3). Section 1446(b)(3) provides that

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of ***an amended pleading, motion, order, or other paper*** from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (emphasis added).

Clearly, Ocean Harbor did not remove the case within 30 days of receipt of the petition. Ocean Harbor's contention is that the initial pleading did not put it on notice that the amount in controversy exceeded $75,000.00, *i.e.*, that it was not "facially apparent" from the initial pleading that the amount in controversy requirement was satisfied so as to trigger the first 30-day removal window provided by § 1446(b)(1).

Assuming without deciding that this assertion is correct,[1] Ocean Harbor must rely on the second 30-day removal window provided by § 1446(b)(3). Ocean Harbor must establish that it removed the case within 30 days of receiving an "amended pleading, motion, order, or other paper" from which Ocean Harbor was first able to ascertain that the amount in controversy exceeded $75,000.00. Ocean Harbor must identify the specific "amended pleading, motion, order, or other paper" that it received within the 30-day window immediately preceding the August 21, 2024 removal. Absent satisfaction of this burden, the removal is untimely.

Neither the Notice of Removal nor Ocean Harbor's opposition points to any "amended pleading, motion, order, or other paper" that it received within the 30-day period immediately prior to the date of removal. Ocean Harbor devotes all of its jurisdictional efforts to establishing that the amount in controversy is satisfied—it is—but this misses the point insofar as the timeliness issue is concerned. In fact, as the plaintiffs point out, Ocean Harbor's arguments regarding the jurisdictional amount actually undermine its contention that it lacked notice regarding the amount in controversy when it was served with the petition in 2023. Ocean Harbor's calculations regarding the amount in controversy are based on information gleaned from the initial pleading. No part of Ocean Harbor's calculations is based on anything new received within the 30-day window immediately preceding the August 21, 2024 removal.

In sum, Ocean Harbor did not timely remove the case which renders the removal

---

[1] The plaintiffs contend that Ocean Harbor had documentation in its possession when the petition was filed that provided unequivocal notice that the amount in controversy exceeded $75,000.00.

defective.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 7)** filed by the plaintiffs, Jason and Alaina Nugent, is **GRANTED**. This matter is remanded to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) based on the defendant's failure to timely remove the action.

November 18, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE